```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

UNITED STATES OF AMERICA,

      v.

FRED SWAN, JR.,

      Defendant.

REPORT AND RECOMMENDATION

17-CR-6104

## Factual Background

On July 25, 2017, a Federal Grand Judy in the Western District of New York returned an Indictment charging Fred Swan ("the defendant" hereinafter) with a violations of 18 U.S.C. §§ 1951(a) and 2, and 924 (c)(1)(A)(ii). Docket # 35. On July 28, 2017, defense counsel filed a motion for a competency examination pursuant to 18 U.S.C. § 4241 (a) and requested that his client be evaluated for competency to stand trial pursuant to 18 U.S.C. § 4241(b). Docket # 38.

On August 2, 2017, this Court granted defense counsel's motion. See Docket # 43. On November 27, 2017, the Court received the evaluation report prepared by Dr. Lisa B. Feldman. Docket # 59. Dr. Feldman found the defendant competent to stand trial.

On December 1, 2017, all counsel and the defendant appeared before the Court. Defense counsel stated that the defense was not requesting that a competency hearing be conducted, and that based on the report and findings of Dr. Feldman, the defense was not disputing Dr. Feldman's conclusions as to competency. Similarly,

the government informed the Court that it was not disputing the competency finding of Dr. Feldman and was not requesting a competency hearing.

## Discussion

Mr. Swan is competent to stand trial if he has (1) a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and (2) a rational as well as factual understanding of the proceedings against him." United States v. Nichols, 56 F.3d 403, 410 (2d Cir. 1995)(internal quotations and citations omitted). Mental illness is not the legal equivalent of incompetency. Rather, the mental illness must deprive the defendant from being able to either (1) consult with counsel with a reasonable degree of rational understanding, or (2) demonstrate factual and rational understanding of the proceedings against him. Id. at 412. The burden to prove a lack of competence is on the defendant. See Cooper v. Oklahoma, 517 U.S. 348, 362 (1996) (upholding Oklahoma statute that presumed a defendant competent unless he rebutted the presumption and commenting that under § 4241 "Congress has directed that the accused in a federal prosecution must prove incompetence by a preponderance of the evidence").

Based on the foregoing standards, the uncontested findings of Dr. Feldman and this Court's own observations of the defendant

during Court proceedings, it is my Report and Recommendation that the defendant Fred Swan be found competent to stand trial.

_____
JONATHAN W. FELDMAN
UNITED STATES MAGISTRATE JUDGE

Dated: December 11, 2017
       Rochester, New York

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).[2]

The district court will ordinarily refuse to consider on de novo review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. See, e.g., Patterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**SO ORDERED.**

Jonathan W. Feldman
United States Magistrate Judge

Dated:    December 11, 2017
          Rochester, New York

---

[2] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(F) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections have elapsed. United States v. Andress, 943 F.2d 622, 624 (6th Cir. 1991); United States v. Long, 900 F.2d 1270, 1275-76 (8th Cir. 1990).