UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                                    Plaintiff,

Case #17-CR-6104-FPG

v.

DECISION AND ORDER

FRED SWAN, JR.,

                                                    Defendant.
_____

By Text Order dated September 25, 2017, this case was referred to United States Magistrate Judge Jonathan W. Feldman, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). ECF No. 37. Defendant Fred Swan, Jr. is charged with violating 18 U.S.C. §§ 1951(a), 2, and 924(c)(1)(A)(ii) in a five-count indictment. ECF No. 35. On July 28, 2017, defense counsel moved for a competency examination of his client under 18 U.S.C. § 4241(a). ECF No. 38. Pursuant to 18 U.S.C. §§ 4241(a) and (b), Magistrate Judge Feldman granted defense counsel's request on August 2, 2017 and ordered a psychological evaluation of Defendant's competency to stand trial. ECF No. 43. On November 27, 2017, Magistrate Judge Feldman received the evaluation report, which found that Defendant was competent to stand trial. *See* ECF Nos. 59–60. At the scheduled competency hearing on December 1, 2017, defense counsel "stated that the defense was not requesting that a competency hearing be conducted"—given "the report and findings of [the psychologist], the defense was not disputing [her] conclusions as to competency." ECF No. 59, at 1. The Government also stated "that it was not disputing the competency finding of [the psychologist] and was not requesting a competency hearing." *Id.* at 1–2. Accordingly, on December 11, 2017, Magistrate Judge Feldman issued his Report and Recommendation (ECF No. 59), which recommends finding

Defendant competent to stand trial. No objections have been filed to the Report and Recommendation, and the time to do so has now expired.

In reviewing a Report and Recommendation, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Since no objections were filed, this Court is not required to conduct a *de novo* review of Magistrate Judge Feldman's Report and Recommendation. *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) ("We have adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object."). In his Report and Recommendation, Magistrate Judge Feldman reminded the parties of Federal Rule of Criminal Procedure 59(b)(2), stating that the "**[f]ailure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order**." *See* ECF No. 59, at 4. Accordingly, the Court reviews the Report and Recommendation for clear error. *See, e.g.*, *United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009).

The Court has reviewed Magistrate Judge Feldman's Report and Recommendation for clear error and finds none. Magistrate Judge Feldman cited the governing legal standards, noted Defendant's burden of proving incompetence, and relied on "the uncontested findings of [the psychologist] and [the] [c]ourt's own observations of . . . [D]efendant during [c]ourt proceedings" to make his competency determination. ECF No. 59, at 2–3.

Finding no clear error, the Court accepts and adopts the Report and Recommendation filed by United States Magistrate Judge Jonathan W. Feldman (ECF No. 59) in its entirety, and Defendant is deemed competent to stand trial.

IT IS SO ORDERED.

DATED: January 11, 2018
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court